# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3453 | **DATE** | July 14, 2008 |
| **CASE TITLE** | Kallentino Williamson (K-79075) v. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $5.00 from Plaintiff's account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Vienna Correctional Center. Summonses shall not issue at this time. The current complaint is dismissed without prejudice to Plaintiff submitting an amended complaint (plus a judge's copy and service copies) within thirty days. The clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to file an amended complaint in accordance with this order within thirty days of the date of this order will result in dismissal of this case.

■ [**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

     Plaintiff, Kallentino Williamson (K-79075), an Illinois prisoner currently incarcerated at Vienna Correctional Center, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He names the Cook County Department of Corrections and Cermak Health Services as defendants, and he alleges the following. On January 8, 2008, he was treated in the emergency room for an abscess in his right gum caused by a decayed tooth; he was prescribed antibiotics and he had follow-up care with a dentist on January 29, 2008, and March, 11, 2008; he was supposed to have his tooth pulled in March 2008; and, as of April 11, 2008, he had not had his tooth pulled and still had an abscess.

     Finding that Plaintiff is unable to prepay the filing fee, the Court grants Plaintiff's motion for leave to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $5.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account, when available funds exist, and pay it directly to the clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain responsible for this payment obligation, and trust fund officials at the Vienna Correctional Center shall notify transferee authorities of any remaining balance in the event that Plaintiff is transferred.
**(CONTINUED)**

**STATEMENT (continued)**

Although Plaintiff may proceed *in forma pauperis*, he must submit an amended complaint, because the complaint currently before the Court neither names proper defendants nor states a valid claim. The Cook County Department of Corrections and Cermak Health Services are not parties subject to suit and therefore are not proper defendants. See *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993); *Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001). Also, Plaintiff's complaint alleges either disagreement about his dental treatment or, at most, only negligence. In order to sustain a civil rights action, Plaintiff must sufficiently state a claim that Defendants acted with deliberate indifference with respect to a serious risk of harm to Plaintiff, *i.e.*, that Defendants were aware of "a substantial risk of serious injury," but nevertheless failed to take appropriate steps to protect Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Borcello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). Accordingly, Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that names proper defendants and states a valid claim.

In order to proceed with this case, Plaintiff must submit an amended complaint that names the individual or individuals personally involved with the events that are the subject of Plaintiff's claim, such as the jail officers or dentist who allegedly failed to provide Plaintiff with adequate dental care. Plaintiff should identify the individuals involved and should provide sufficient information to place the defendants on notice of the claim being asserted against them and the grounds upon which the claim is based. If Plaintiff is unable at this time to identify the individuals personally involved, he may refer to those individuals as "John Doe" or "Jane Doe" and then name a supervisory official for the purpose of discovering the identities of the unknown defendants. See *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); see also *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Once the amended complaint has been served on the supervisory official and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information to obtain the identity of the unknown defendants. See Fed. R. Civ. P. 33. After Plaintiff learns the identities of the unknown defendants, he may again seek to amend the complaint to substitute their names for those of the John or Jane Doe defendants. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge, and submit a sufficient number of copies for service on each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, Plaintiff must state all the claims he seeks to raise and name all the defendants he seeks to sue in this case in the amended complaint. The court will not refer to prior complaints to determine the claims and defendants to this action. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The clerk shall forward an amended civil rights complaint form to Plaintiff.